IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| SHAWN MOULTRIE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 2:16-cv-03174-DCN |
| vs. | ) | |
| | ) | **ORDER** |
| PROGRESSIVE DIRECT INSURANCE | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on Progressive Direct Insurance Company's ("Progressive") motion for reconsideration, ECF No. 51, of the court's findings of facts and conclusions of law issued at the conclusion of the bench trial in this case, ECF No. 50. For the reasons set forth below, the court denies the motion for reconsideration.

## I. BACKGROUND AND PROCEDURAL HISTORY

This declaratory judgment action came before the court to clarify the rights under the UIM provision of an automobile insurance policy ("the Policy") that Progressive issued to Moultrie for his 2012 Harley Davidson motorcycle. Plaintiff Shawn Moultrie ("Moultrie") purchased the Policy online through the Progressive website at Capital City Bikes ("Capital City") in Columbia, South Carolina on November 21, 2015. This online purchase occurred because Moultrie had to show proof of insurance before he could lease or buy the 2012 Harley Davidson motorcycle. During the online purchase of the Policy, Capital City employee Gayle Case ("Case") assisted Moultrie in purchasing the Policy.

On November 27, 2015, Moultrie, who was riding the 2012 Harley Davidson motorcycle at the time, was seriously injured in a motor vehicle collision in Moncks

1

Corner, South Carolina by an unknown driver. The Policy provided liability coverage of up to $100,000 per person and $300,000 per accident, but did not provide UIM coverage. Moultrie alleges that Progressive did not make a meaningful offer of UIM coverage as required under S.C. Code Ann. § 38-77-350. He brought this suit asking the court to reform the Policy to include $100,000 in UIM coverage for the 2012 Harley Davidson motorcycle.

Moultrie filed suit against Progressive in state court on August 16, 2016, and Progressive removed the case to federal court on September 21, 2016. Moultrie filed an amended complaint on September 28, 2016. Both parties filed cross-motions for summary judgment on April 12 and 13, 2017, ECF Nos. 15 and 16, which the court denied. The court held a bench trial on June 7, 2018. ECF No. 46. Having considered the testimony and the exhibits admitted at trial, as well as the parties' pre-trial briefs and post-trial proposed findings and conclusions, the court issued its findings of fact and conclusions of law in accordance with Federal Rule of Civil Procedure 52(a). ECF No. 50. The court determined that Progressive failed to prove that Moultrie signed the online application and failed to prove that it made a meaningful offer that Moultrie then denied. Thus, the court found in favor of Moultrie's declaratory judgment action and reformed the Policy to include $100,000 in UIM coverage for Moultrie's 2012 Harley Davidson Motorcycle in effect on the date of his accident, November 27, 2015.

On February 7, 2019, Progressive filed a motion for reconsideration of the court's findings of fact and conclusions of law. ECF No. 51. On February 21, 2019, Moultrie filed his response. ECF No. 52. On February 28, 2019, Progressive filed its reply. ECF No. 53. The motion is ripe for the court's review.

## II. STANDARD

Federal Rule of Civil Procedure 59(e) provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." While Rule 59(e) does not supply a standard to guide the court's exercise of its power to alter or amend, the Fourth Circuit has recognized that a court may grant a Rule 59(e) motion "only in very narrow circumstances: (1) to accommodate an intervening change in controlling law, (2) to account for new evidence not available at trial, or (3) to correct a clear error of law or prevent manifest injustice." Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002). Rule 59(e) motions may not be used to make arguments that could have been made before the judgment was entered. See Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998). Moreover, "[a] party's mere disagreement with the court's ruling does not warrant a Rule 59(e) motion, and such a motion should not be used to rehash arguments previously presented or to submit evidence which should have been previously submitted." Sams v. Heritage Transp., Inc., No. 2:12-cv-0462, 2013 WL 4441949, at *1 (D.S.C. August 15, 2013).

Rule 59(e) provides an "extraordinary remedy that should be used sparingly." Pac. Ins. Co., 148 F.3d at 403 (internal citation omitted); Wright v. Conley, No. 10-cv-2444, 2013 WL 314749, at *1 (D.S.C. Jan. 28, 2013). Whether to alter or amend a judgment under Rule 59(e) is within the sound discretion of the district court. Bogart v. Chapell, 396 F.3d 548, 555 (4th Cir. 2005).

## III. DISCUSSION

The motion to reconsider does not ask the court to "accommodate an intervening change in controlling law" or to "account for new evidence available at trial." Hill, 277

F.3d at 708. Rather, the motion is based solely on Progressive's belief that the court misinterpreted South Carolina law regarding UIM coverage. The court has considered the additional arguments by both parties regarding this motion to reconsider and stands by its original interpretation of the controlling South Carolina law set forth in its findings of facts and conclusions of law. Thus, the court denies the motion to reconsider, finding that there has been no "clear error of law" or "manifest injustice." Id.

## IV.   CONCLUSION

For the foregoing reasons, the court **DENIES** the motion for reconsideration.

**AND IT IS SO ORDERED**.

---
**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**June 24, 2019**
**Charleston, South Carolina**